## BAZZILL DAVENPORT ET AL., Exr's,

### v.

## THOMAS REYNOLDS, Trustee.

ADMINISTRATION OF ESTATES—RELEASE OF CO-EXECUTOR.—One of the co-executors under a will, after entering upon his duties, asked to be released therefrom, and the county court entered an order of discharge. At the time of entering this order his co-executor and sureties were present and consented to such discharge. *Held,* that the county court had jurisdiction over the parties and the subject-matter, and its action was binding upon the remaining executors and his sureties, without a written consent to such release; and that the sureties of his co-executor, having assented to such discharge, are estopped from setting up such release in an action against them upon their bond.

Davenport v. Reynolds.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed July 2, 1880.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellants; that assent in writing of his co-executor, notice of his intended application, presentation of his account and payment of all moneys in his hands, are steps necessary to the discharge of an executor; and it should appear by the record that such steps have been taken, cited Gross Stat. 826: Heirs of Langworthy v. Baker, 23 Ill. 484; Cotes v. Haskins, 9 Mass. 542; Ford v. Walworth, 15 Wend. 450; Hanna v. Yocum, 17 Ill. 387.

The particular facts necessary to confer jurisdiction will not be presumed, and if they do not appear, the judgment is void: Freeman on Judgments, § 123; Shivers v. Wilson, 5 Har. & J. 130; Foster v. Glazener, 27 Ala. 391; Thatchen v. Powell, 6 Wheat. 119; Striker v. Kelly, 7 Hill, —; Dunning v. Cornin, 11 Wend. 647; Ludlow v. Johnson, 3 Ohio, 553; Mitchell v. Runkle, 25 Tex. 132; Adams v. Jeffries, 12 Ohio, 253; Corn v. Cotton, 2 Blackf. 82; Earthman v. Jones, 2 Geo. 493; Barry v. Patterson, 3 Humph. 313; Wright v. Warner, 1 Doug. 384; Harvey v. Tyler, 2 Wall. 342.

Mr. E. L. McDONALD and Mr. JEFF ORR, for appellee; that the order of county court discharging the executor cannot be questioned collaterally, cited Wight v. Wallbaum, 39 Ill. 555; Botsford v. O'Conner, 57 Ill. 72; Duffin v. Abbott, 48 Ill. 17; Swearengen v. Gulick, 67 Ill. 208; Slean v. Graham, 85 Ill. 26; Short v. Johnson, 25 Ill. 489.

After his discharge as executor no liability in respect to future management of the estate could attach: Marsh v. The People, 15 Ill. 284; Brazin v. Clark, 5 Pick. 96; Town v. Amindow, 20 Pick. 535; Gross' Stat. 827, § 185; Child v. Gratiot, 41 Ill. 357.

HIGBEE, J. Mrs. Harriet Callis was entitled, under the will of her father, Darius Ingalls, to a share of his estate after the payment of the debts, to be held and managed by a trustee, the interest to be paid her during her life.

Darius Ingalls by his will appointed Matthew Stacey and Alphonso Ingalls his executors, and after his death his will was admitted to probate in the County Court of Morgan county, and letters testamentary issued to the executors named, and they entered into bond, with David S. Davenport and Preston S. Berry as their securities in the penal sum of sixty thousand dollars, conditioned as required by law. The executors qualified and entered upon the discharge of their duties, and filed an inventory, appraisement and sale bill, and rendered to the county court an account which was approved, and on the next day, 19th of March, 1868, the said Alphonso Ingalls tendered his resignation as one of the executors of the last will and testament of Darius Ingalls, deceased, and the same was accepted by the court, and said executor discharged, and thereafter said Stacey continued to act as the sole executor of said estate.

Reynolds having been appointed by the Circuit Court of Morgan county trustee for said Harriet Callis, caused a citation to be issued from the county court against said Stacey, executor, who in answer thereto filed his account in the county court on the 19th day of January, 1878, and the same was approved by the court, and thereupon the court ordered the executor, Stacey, to pay over to Reynolds, as trustee for Harriet Callis, " the moneys reported by him, the said Matthew Stacey, as being in his hands as the executor of the last will and testament of Darius Ingalls, deceased." David S. Davenport, one of the sureties on Stacey's bond, died testate, and appellants were appointed and qualified as his executors.

Stacey having failed to pay to Reynolds the amount claimed by him to be due from the estate of Darius Ingalls, after demand made therefor, Reynolds presented the same against the estate of David S. Davenport, and asked for, and obtained an allowance in the county court for $990.40. An appeal was taken from this allowance, to the circuit court, where the cause was tried, and the claim of appellee again allowed, from which an appeal is prosecuted to this court.

The first objection made to these proceedings by appellants is, that the order of the county court releasing . and discharg-

ing Alphonzo Ingalls, as one of the executors of Darius Ingalls, was void for want of jurisdiction in the court to make the same, because Stacey, his co-executor, had not filed his consent to such discharge in writing under his hand and seal; and also be-cause no notice of Ingall's intended resignation had been pub-lished, as required by Statute.   Gross, Stat. 1868, p. 826, Secs. 184–5.

The order of the county court shows that at the time Ingalls presented his resignation, and the court accepted the same and discharged him, Matthew Stacey, his co-executor, Preston S. Berry and David S. Davenport, securities, were all personally present in open court, and consented to all that was done in the premises.

The county court had jurisdiction over the subject-matter of the order and of the parties named, and its action was binding upon them.

This proceeding is against the executors of David S. Daven-port, on his bond, and as he consented to the order discharging Stacey, his executors cannot now complain of it.

It is also assigned for error that the allowance of this claim by the circuit court is against the evidence.

The order read in evidence, directs Stacey to pay over to Rey-nolds, as trustee, the moneys reported by him as being in his hands.   It does not find or state the amount, except by refer-ence to the amount reported.

The report was not offered in evidence, and without it the or-der was incomplete, and fails to show any sum due.

The finding of the court is not sustained by the proof in the record before us, and the same is reversed and the cause re-manded.

Reversed.